IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GLORIA F. VERBEKE, | ) | Case No. 13 B 3556 |
| | ) | |
| Debtor. | ) | Hon. Donald Cassling |
| | ) | |
| | ) | Hearing Date & Time: |
| | ) | November 19, 2013 @ 9:30 a.m. |

**NOTICE OF MOTION**

TO: Attached Service List

**PLEASE TAKE NOTICE THAT** on December 3, 2013, at 9:30 a.m., I shall appear before the Honorable Donald Cassling, or any other judge sitting in his stead, in Room 619, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on Debtor's Attorneys' Application for Allowance of Final Compensation and Reimbursement of Costs and Expenses, a copy of which is attached hereto and thereby served upon you.

**CERTIFICATE OF SERVICE**

I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing NOTICE OF MOTION and APPLICATION to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 8th day of November, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　  /s/ Gregory K. Stern
　　　　　　　　　　　　　　　　　　　　　　　　Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Christina M. Riepel (Atty. ID #6297514)
Rachel D. Stern (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

# SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick S. Layng, United States Trustee
219 South Dearborn Street
Suite 873
Chicago, Illinois 60604

Maria Georgopoulos
Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527

Miriam R. Stein
Chuhak & Tecson, P.C.
30 South Wacker Drive
Suite 2600
Chicago, Illinois  60606

**Parties Served Via U.S. Mail**

Ms. Gloria Verbeke
14640 135th Street
Lemont, Illinois 60439-7901

Mr. Gloria Verbeke
P.O. Box 933
Downers Grove, Illinois 60516

McCalla Raymer, LLC
1544 Old Alabama Road
Roswell, GA  30076

America's Servicing Company
PO Box 10328
Des Moines, Iowa 50306-0328

Freedman, Anselmo Lindberg LLC
1807 West Diehl
Suite 333
P.O. Box 3228
Naperville, Illinois 60563-1890

MGC Mortgage, Inc.
1 Corporate Drive
Suite 360
Lake Zurich, Illinois 60047-8945

Will County Treasurer
302 North Chicago Street
Joliet, Illinois 60432-4695

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GLORIA F. VERBEKE, | ) | Case No. 13 B 3556 |
| | ) | |
| Debtor. | ) | Hon. Donald Cassling |
| | ) | |
| | ) | Hearing Date & Time: |
| | ) | December 3, 2013 @ 9:30 a.m. |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION
AND REIMBURSEMENT OF COSTS AND EXPENSES**

Now Comes Gregory K. Stern, Monica C. O'Brien, Christina M. Riepel and Rachel D. Stern of Gregory K. Stern, P.C. (the "Attorneys"), attorneys for Gloria F. Verbeke, Debtor and Debtor In Possession, and, pursuant to § 330 of the Bankruptcy Code, request that this Court enter an order allowing final compensation of $35,284.00 for 87.00 hours of legal services rendered to the Chapter 11 Debtor In Possession, reimbursement of costs and expenses in the amount of $1,535.00 and payment of the unpaid balance of allowed compensation and reimbursement of costs and expenses totaling $8,985.00 and, in support thereof, state as follows:

1. On January 30, 2013, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code; and, the Debtor, as Debtor In Possession, has continued in possession of her property, pursuant to §§ 1107 and 1108; and, no trustee has been appointed in this case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157; and, this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. In accordance with Bankruptcy Rule 2002, notice of this Application has been sent to the Debtor, United States Trustee, all creditors and parties in interest.

4. On January 30, 2013, the Debtor and the Attorneys entered into an agreement whereby the Attorneys agreed to represent the Debtor in a Chapter 11 case in consideration for the Debtor's agreement

to pay for professional services rendered in accordance with the Attorneys' hourly fee schedule in effect from time to time. Prior to filing the Attorneys received an advance payment retainer in the amount of $11,213.00.

    5.    The rates at which the Attorneys seek compensation are at or below their usual and customary hourly rates charged for bankruptcy work of this nature, performed for other clients. At all times relevant hereto, the Attorney's hourly services have been billed as follows: Gregory K. Stern $435.00 and $450.00, Monica C. O'Brien $400.00 and $425.00, Christina M. Riepel $300.00 and $325.00 and Rachel D. Stern $200.00 and $225.00[1].

    6.    On February 19, 2013, the Court entered an Order Authorizing Employment of Attorneys authorizing the employment of the Attorneys, as counsel for the Debtor as Debtor In Possession, with all compensation and reimbursement of expenses subject to further order of this Court.

    7.    On July 30, 2013, the Attorneys filed their First Application for Allowance of Interim Compensation and Reimbursement of Costs and Expenses (the "First Application") (Docket No. 59) (that is incorporated by reference herein and made a part hereof); and, on August 20, 2013, this Court entered an Order Allowing Interim Compensation and Reimbursement of Costs and Expenses (Docket No. 63) of $26,299.00 to Counsel for 65.90 hours of professional services rendered and reimbursement of $1,535.00 of costs expended from January 29, 2013, through July 24, 2013. The Attorneys received post petition payment in full of the allowed interim compensation and reimbursement of costs awarded.

    8.    The Attorneys have expended an additional 21.10 hours of professional services from July 25, 2013, through November 7, 2013, as more fully set forth in the Time Sheets attached hereto and made a part hereof.

    9.    The professional services rendered from January 29, 2013 through November 7, 2013

---

[1] The Attorneys' hourly fees were increased effective April 1, 2013

have been separated into four (4) service categories, which have been separated and identified solely for the purposes of summarizing with specificity the services rendered on behalf of the Debtor In Possession and for the benefit of her estate. These service categories and the professional time spent within each category are as follows:

| SERVICE CATEGORY | HOURS |
|---|---|
| A. General Case Administration | 36.20 |
| B. Cash Collateral | 11.10 |
| C. Plan and Disclosure Statement | 33.30 |
| E. Professionals | 6.40 |
| **TOTAL:** | **87.00** |

10. The professional services were rendered within the service categories as follows:

A. **General Case Administration**: This service category involved 36.20 hours of services that included: **1)** Meetings, teleconferences and correspondence with Debtor and daughter, Elizabeth Stuart ("ES"), regarding representation of Debtor in Possession, books, records and information required, Debtor in Possession operations, investigation and documentation of assets, Operating Instructions and Reporting Requirements, operating reports, DIP account, insurance, payment of U.S. Trustee statutory fees, case status, notices, case goals and strategy, Chapter 11 Schedules and Statement of Financial Affairs, case disclosures, meeting of creditors and communications with parties in interest; **2)** Communications with creditors and creditors' attorneys regarding Chapter 11 case, loan restructuring proposals, and motion to modify automatic stay; **3)** Communications with Debtor and ES regarding preparation and revision of operating reports; **4)** Reviewing Debtor's books, records, documents, insurance, tax returns, financial statements, promissory notes, mortgages, assignment of rents, and other relevant documentation; **5)** Drafting Schedules of Twenty Largest Unsecured Creditors, Chapter 11 Schedules and Statement of Financial Affairs, Amendments, Motion to Set Claims Bar Date, Notices of Motion, Motion to Close Case and Orders; **6)** Representation at meetings with U.S. Trustee and court hearings; **7)** Preparation of Operating Reports; **8)** Reviewing proofs of claims and attachments; and, **9)** General case administration matters.

B. **Cash Collateral:** This service category involved 11.10 hours of services that included: **1)** Reviewing loan documents and mortgage; **2)** Communications with secured creditor's attorneys regarding

budgetary issues, adequate protection payments, use of cash collateral, and hearing on use of cash collateral; **3)** Drafting Motion to Use Cash Collateral, Notice and Orders; **4)** Teleconferences, meetings and communications with Debtor and ES regarding DIP budget, cash collateral hearings and adequate protection payments; and **5)** Representation of Debtor at Court hearings.

      C.    **Plan and Disclosure Statement** - This service category involved 33.30 hours of services related to drafting the Debtor' Plan, Disclosure Statement and amendments thereto, and included the following: **1)** Review proofs of claims and monthly operating reports; **2)** Draft and revise Chapter 11 Plan of Reorganization and Disclosure Statement; **3)** Teleconferences, correspondence and meetings with Debtor regarding Plan, Disclosure Statement, surrender of collateral, terms for secured creditors; **4)** Communications with UST and creditors regarding Plan and Disclosure Statement; **5)** Communications with secured creditors' attorneys regarding restructuring proposals; **6)** Draft and revise cash flow statements, liquidations analysis, and consolidated operating reports required for Disclosure Statement; and, **7)** Court appearances in representation of Debtor at Plan and Disclosure Statement hearings.

      E.    **Professionals**: This service category involved 6.40 hours of professional services that included: **1)** Drafting Application to Employ Counsel, Affidavits, Notice and Order; **2)** Drafting Attorneys' First Application for Interim Compensation and Reimbursement of Costs and Expenses, Attorneys' Application for Final Compensation and Reimbursement of Costs and Expenses, Notices, Orders and Cover Sheets; **3)** Reviewing and revising time sheets; and, **4)** Representation at court hearings.

    11.  All of the professional services performed were actual and necessary for the proper representation of the Debtor as Chapter 11 Debtor in Possession and in furtherance of the Debtor's reorganization which has been confirmed; and, as such, all of the services rendered were authorized pursuant to this Court's Order Authorizing Employment Of Counsel and benefited the estate. No time has been included for services that are in the nature of clerical work.  The Attorneys further stating that there has been no duplication of services by Gregory K. Stern, Monica C. O'Brien, Christina M. Riepel and Rachel D. Stern.

    12.  The value of the professional services rendered by the Attorneys to the Debtor, as Debtor In Possession, covered by this Application is $35,284.00.

    13.  Actual and necessary costs in the amount of $1,535.00 have been expended by the Attorneys.

Costs include filing fees, postage, witness fees, court reporter costs, copying charges provided by an outside service, and copying charges at the rate of ten cents (.10) per copy.

**WHEREFORE**, Gregory K. Stern, Monica C. O'Brien, Christina M. Riepel and Rachel D. Stern pray for entry of an Order, pursuant to §§ 330 of the Bankruptcy Code, allowing Gregory K. Stern, P.C. final compensation in the amount of $35,284.00 for actual and necessary professional services rendered and reimbursement in the amount of $1,535.00 for actual and necessary costs and expenses incurred; authorizing and directing the Debtor to pay the unpaid balance of allowed final compensation and reimbursement of costs and expenses of $8,985.00 as a priority cost of administration; and, for such other relief as this Court deems just.

By: /s/ Gregory K. Stern
Gregory K. Stern, Esq.

Gregory K. Stern (Atty. ID #6183380)
Monica C. O'Brien (Atty. ID #6216626)
Christina M. Riepel (Atty. ID #6297514)
Rachel D. Stern (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558